UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 21-CR-383 (BAH) |
| v. | : | |
| PATRICK STEDMAN | : | |

**DEFENDANT STEDMAN'S RESPONSE TO GOVERNMENT MOTION IN LIMINE REGARDING AUTHENTICATION OF PHOTO AND VIDEO EVIDENCE**
**(Docket Entry 42)**

  This memorandum is in response to the government's motion in limine "regarding the authentication of photo and video evidence under Federal Rules of Evidence 104, 901, and 902", filed at docket entry 42 (DDE 42). Although the government in its motion states that "[t]he government has provided the Defendant with photos and videos it plans to introduce at trial," it should be noted that the government has provided multiple hundreds of hours of video recordings in discovery and has not yet specified which videos or photos it will seek to use at trial in the instant case. Therefore, although the defendant is responding herein to the aspects of the motion that address methods of authentication, nothing herein should be construed to constitute a waiver of any authentication or other evidentiary challenges to any video and photo evidence that the government will seek to introduce at trial.[1]

---

[1] The government does fairly note in its submission that "the government does not, in this motion, seek a ruling that any particular exhibits are authentic or admissible." GT Motion at 1 (DDE 42).

1

As a general proposition, defendant Stedman does not have opposition to the methods of authentication set forth in the government's motion. Of course, the defendant reserves the right (absent any subsequently entered stipulations of course, see footnote 1 above) to contend, at the time the government submits that it has properly authenticated a particular video or photo, that the government has failed in that regard. The government identifies several categories of photo and video evidence in its motion, and each is briefly addressed below.

1. **U.S. Capitol Police Video Footage**

This footage apparently will come from the U.S. Capitol Police surveillance system that was in place at the Capitol Building on January 6, 2021. To the extent that the government submits that a witness who properly testifies, from personal knowledge, about the recording system, its data capture, and its characteristics of accuracy in doing so (GT Motion at 5-6) can authenticate, Mr. Stedman does not contest that such is a viable method of authentication under Fed. R. Evid 901.

To the extent that the government states that it also may call a U.S. Capitol Police "witness who was present during the attack on the Capitol to explain that the videos used by the government here are consistent with the events that occurred, generally, on January 6, 2021" and that such would "serve to authenticate the footage based on the officer's personal knowledge" pursuant to Fed. R. 901(b)(1), Mr. Stedman does not disagree. However, Mr. Stedman of course reserves the right to challenge whether a particular exhibit was indeed properly authenticated, as well as if so, the relevance and prejudicial impact of any photograph or video evidence pursuant to Fed. R. Evid. 401, 402 and 403 including based on whether the government can demonstrate that Mr. Stedman was present, observed or knew of the specific conduct in any such photo or video, or on any other appropriate basis. This issue also relates to the motion filed by Mr.

Stedman under docket entry 46 (Motion Point III seeking to preclude the government from presenting evidence regarding any events of January 6, 2021 for which the government cannot demonstrate Mr. Stedman was present and observed, or of which he was otherwise aware).

### 2. Body-Worn Camera Footage from the Metropolitan Police Department

Mr. Stedman agrees that regarding Body Worn Camera footage, an officer who wore the camera or another person with personal knowledge that the video fairly and accurately depicts the events presented in the video, would be appropriate authentication pursuant to Fed. R. Evid. 90(b)(1). Mr. Stedman of course reserves the right to challenge whether a particular exhibit was indeed authenticated by the government, as well as if so, the relevance and prejudicial impact of any photograph or video evidence pursuant to Fed. R. Evid. 401, 402 and 403 including based on whether the government can demonstrate that Mr. Stedman was present, observed or knew of the specific conduct in any such photo or video[2], or on any other appropriate basis.

### 3. Senate Recording Studio Video of Electoral College Certification Process

Mr. Stedman does not contest that Congressional videos from the Senate Recording Studio and the house Recording Studio (GT Motion at 11n.2) are self-authenticating under Federal Rule of Evidence 902. As in other contexts above, Mr. Stedman reserves the right to challenge whether a particular exhibit was indeed authenticated by the government, as well as if so, the relevance and prejudicial impact of any photograph or video evidence pursuant to Fed. R. Evid. 401, 402 and 403 including based on whether the government can demonstrate that Mr.

---

[2] This issue also relates to the motion filed by Mr. Stedman under docket entry 46 (Motion Point III seeking to preclude the government from presenting evidence regarding any events of January 6, 2021 for which the government cannot demonstrate Mr. Stedman was present and observed, or of which he was otherwise aware).

Stedman was present, observed or knew of the specific conduct in any such photo or video[3], or on any other appropriate basis.

### 4. Photo and Video from Others Present at the Capitol

This section of the government's motion relates to authentication of "photos and videos taken by others present in and around the Capitol that day. This includes video from journalists and rioters, including those charged in separate criminal cases for their conduct at the Capitol on January 6, 2021." (GT Motion at 11, DDE 42).

Mr. Stedman agrees that pursuant to Fed. R. Evid. 901(b)(1) a person who was present for what is depicted in the photo or video and who recollects what is depicted can authenticate such if he/she testifies that the photo or video fairly and accurately depicts the events reflected therein. (GT Motion at 11, DDE 42). The defense also does not contest that (as reflected in the case law cited by the government in its motion at 12) authentication can occur without the testimony of the maker of the photo or video, as long as there if other sufficient circumstantial or indirect evidence that the image or video contents are what they purport to be (and of course materially unaltered, as always is required). Ultimately, authentication by comparison with other authenticated evidence, as also espoused by the government in its motion at 12, is first of course determined by the Court, but ultimately the trier of fact under Fed. R. Evid.

---

[3] This issue also relates to the motion filed by Mr. Stedman under docket entry 46 (Motion Point III seeking to preclude the government from presenting evidence regarding any events of January 6, 2021 for which the government cannot demonstrate Mr. Stedman was present and observed, or of which he was otherwise aware).

901(b)(3)("Comparison by an Expert Witness or the Trier of Fact. A comparison with an authenticated specimen by an expert witness or the trier of fact. Fed. R Evid. 901(b)(3)).

Apart from authentication methodology in this context, Mr. Stedman reserves the right to challenge whether a particular exhibit was indeed authenticated by the government, as well as if so, the relevance and prejudicial impact of any photograph or video evidence pursuant to Fed. R. Evid. 401, 402 and 403 including based on whether the government can demonstrate that Mr. Stedman was present, observed or knew of the specific conduct in any such photo or video[4], or on any other appropriate basis.

                                        Respectfully submitted,

                                        Law Offices of Rocco C. Cipparone, Jr.

BY:        <u>/s/ Rocco C. Cipparone, Jr.</u>
            Rocco C. Cipparone, Jr., Esquire

---

[4] This issue also relates to the motion filed by Mr. Stedman under docket entry 46 (Motion Point III seeking to preclude the government from presenting evidence regarding any events of January 6, 2021 for which the government cannot demonstrate Mr. Stedman was present and observed, or of which he was otherwise aware).

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 19, 2023, I caused a copy of the within document to be served on all parties listed on the Electronic Case Filing (ECF) System, by means of filing those documents on the ECF system.

|  |  |
|---|---|
|  | Law Offices of Rocco C. Cipparone, Jr. |
| BY: | /s/ Rocco C. Cipparone, Jr.<br>Rocco C. Cipparone, Jr., Esquire |