## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-383 (BAH) |
| | : | |
| PATRICK ALONZO STEDMAN, | : | |
| | : | |
| Defendant. | : | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Standing Order, the parties hereby jointly submit this pretrial statement in advance of the June 5, 2023 trial in this matter.

**A.     Status of Plea Offers**

(i) The government extended a formal plea offer to resolve this case on or about June 14, 2021, in a written proposed plea agreement and an accompanying statement of offense.  The plea offer expired on July 6, 2021.  The Government and the defense discussed potential alternative resolutions after this date; however, on January 26, 2023, the defense notified the Government (its current representative) that the defendant would only consider a plea to a misdemeanor. Defense counsel also had attempted plea discussions with prior government counsel before January 26, 2023 and advised that counsel that Mr. Stedman would consider a guilty plea to a misdemeanor. The terms of the Government's offer were as follows: the defendant would plead guilty to Count One of the Indictment, charging him with Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2); the Government would move to dismiss all remaining counts of the Indictment at sentencing.

(ii)  Counsel for the defendant communicated and discussed the terms of the plea offer to and with Mr. Stedman on June 26, 2021, and the offer was rejected by Mr. Stedman. Mr.

Stedman has reviewed the proposed plea agreement. Counsel explained that the potential sentencing exposure in the event the defendant accepted the plea offer was a maximum of 20 years' imprisonment; a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and a fine of not more than $250,000, or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d).  Counsel also explained that the government's estimated offense level under the United States Sentencing Guidelines was as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2 | Base Offense Level | +14 |
| U.S.S.G. § 2J1.2(b)(2) | Substantial Interference with the Administration of Justice | +3 |
| U.S.S.G. § 2J1.2(b)(2) | Injury/property damage to Obstruct Administration of Justice | +8 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| | Total | 22 |

Counsel explained that a level 22 carries a guidelines term of imprisonment of 41 to 51 months based also on Mr. Stedman having -0- Criminal History points, Criminal History category I.

Nothing herein should be construed as an acknowledgement by the defendant that the above-referenced estimated guideline calculation would be the proper one in the event of any conviction(s).

In the alternative, counsel explained that the potential sentencing exposure in the event the defendant rejected the plea offer and proceeded to trial on all five counts was a maximum of twenty-three years in custody (20 years for 18 U.S.C. § 1512(c)(2), a Class C felony; one year for each of two Class A misdemeanors charged and six months for each of two Class B misdemeanors charged); a term of probation of not more than five years for each of two Class B misdemeanors pursuant to 18 U.S.C. § 3561(c); a term of supervised release of not more than 5 years, pursuant to 18 U.S.C. § 3583(b)(2) and (3) (3 years for the Class C felony and one year for

2

each of two Class A misdemeanors); a fine of not more than a total of $460,00 ($250,000 for the

Class C felony pursuant to 18 U.S.C. § 3571(b)(3) and (d), $100,000 for each Class A

misdemeanor pursuant to 18 U.S.C. § 3571(b)(5) and $5,000 for each Class B misdemeanor

pursuant to 18 U.S.C. § 3571(b)(6)); and a special assessment of $170 ($100 per the Class C

felony, $25 per each of the two class A misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii),

and $10 per each of the class B misdemeanor pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii)).

**B.      Joint Statement of the Case**

  This is a criminal case. The United States has charged defendant Patrick Stedman with

violating five separate federal criminal laws based on his alleged entry into the United States

Capitol building on January 6, 2021. Specifically, the United States alleges that Patrick Stedman

unlawfully obstructed Congress's Joint Session to certify the Electoral College votes; that he

unlawfully entered and remained in a restricted building and grounds; that he unlawfully

engaged in disorderly and disruptive conduct; and that he unlawfully paraded, demonstrated, and

picketed inside the United States Capitol Building on January 6.  Mr. Stedman has pleaded not

guilty to each charge.

**C.      Proposed Voir Dire Questions**

  The parties' jointly-proposed voir dire questions are set forth in Exhibit 1.  In filing these

joint proposed voir dire questions the defense does not waive any arguments raised in its motion

for expanded voir dire and additional peremptory challenges (ECF 46).

**D.      Proposed Jury Instructions**

  The parties' proposed jury instructions are set forth in Exhibit 2.  To the extent the parties

object to any proposed instructions, those objections are noted. By submitting these proposed

jury instructions, the defense does not waive any arguments raised in its motion to dismiss Counts 1, 2 and 3 (ECF 46).

**E.     List of Expert Witnesses**

At this time, the parties do not anticipate sponsoring the testimony of expert witnesses at trial.

**F.     List of Motions in Limine**

***The United States filed the following motions in limine:***

(1) Motion in Limine regarding authentication of photo and video evidence (ECF 42)

(2) Motion in Limine regarding evidence of the specific locations of U.S. Capitol Police surveillance cameras (ECF 43)

(3) Motion in Limine to preclude improper defense arguments and evidence about law enforcement (ECF 44)

(4) Motion in Limine regarding cross-examination of U.S. Secret Service witness (ECF 45, 49)

***The defense filed the following motion in limine:***

1) Motion in Limine to preclude government from presenting evidence of any events of Jan. 6, 2021 for which it cannot demonstrate Mr. Stedman was present and observed (ECF 46)

**G.     List of Prior Convictions**

The defendant has no prior convictions.

**H.     List of Government Exhibits**

The list of government exhibits is attached as Exhibit 3.

At this time, the United States has identified the majority of exhibits it intends to use at trial. The exhibit list was compiled in a good-faith effort to identify all trial evidence that is known or identified at this time. The government reserves the right to supplement this list or to remove items from the list, as it develops additional evidence throughout trial preparations and to streamline the presentation of its case.  The government also reserves the right to introduce any evidence produced to the defense in discovery.  The government will provide defense counsel with its final edited versions of government video exhibits in advance of trial. The final versions likely will be shortened clips of videos previously provided. Defendant reserves the right to contest actual authentication or admissibility of any video exhibit at trial, although the defendant agrees (as noted in the defense motion responses and in the Court's ruling thereon) that the authentication methods proposed by the government are viable methods of authentication, and generally speaking it is not expected that authentication will be a significant issue.

## I.     Stipulations

The government has proposed the following stipulations:

The Capitol Building and Grounds

The Certification of the Electoral College Vote

House and Senate Compilation Video

Stedman's Presence in and around the U.S. Capitol Building

United States Capitol Police Closed Circuit Video Monitoring

Metropolitan Police Department Body Worn Camera

Patrick Stedman's Cell Phone

Items Obtained During Search

The defense has agreed to the proposed stipulations.

**J.      Proposed Verdict Form**

A proposed verdict form is attached as Exhibit 4.

Dated: May 12, 2023

FOR THE DEFENDANT                        FOR THE UNITED STATES

PATRICK STEDMAN                          MATTHEW M. GRAVES
Defendant                                United States Attorney
                                         D.C. Bar No. 481052

  */s/ Rocco Cipparone Jr.*                */s/ Brian Morgan*
ROCCO C. CIPPARONE, JR.                  BRIAN MORGAN
                                         Trial Attorney
                                         NY Bar No. 4276804
                                         Brian.morgan@usdoj.gov
                                         (202) 305-3717

                                           */s/ Joseph S. Smith Jr.*
                                         JOSEPH S. SMITH, JR.
                                         Assistant United States Attorney
                                         CA Bar No. 200108
                                         joseph.s.smith@usdoj.gov
                                         (619) 546-8299