**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-383 (BAH)** |
| | : | |
| **PATRICK STEDMAN,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO COURT**
**ORDER REQUESTING ITS POSITION ON DEFENSE PROPOSED**
**VERDICT SHEET INTERROGATORY ON ATTEMPT TO**
**COMMIT OBSTRUCTION OF AN OFFICIAL PROCEEDING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's Order for briefing on the Defendant's Proposed Verdict Form. (ECF 60-4) The Government opposes the Defendant's proposed verdict form for the reasons articulated below.

**ARGUMENT**

**A.  Unanimity as to the Means by Which an Element is Accomplished is Not Required**

The Defendant asserts that the jury should be given a special unanimity instruction that it agrees on whether the defendant committed attempted obstruction, completed obstruction, or both. This is unwarranted in this case.

A special unanimity instruction may be appropriate to ensure that a jury unanimously agrees on an element of an offense, but no such instruction is required to ensure unanimity as to the means by which an element is accomplished. *See Richardson v. United States*, 526 U.S. 813, 817 (1999); *see also Schad v. Arizona*, 510 U.S. 624, 639, 643-45 (1991) (jury unanimity not required between premeditated murder and felony murder charges because different theories of liability, not different elements). Thus, a jury need not be unanimous on whether a defendant

1

violated a law as a principal or an aider and abettor because "[a]iding and abetting is simply one means of committing a single crime." *United States v. Garcia*, 400 F.3d 816, 820 (9ᵗʰ Cir. 2005). The same analysis applies here. "Attempted" obstruction is not comprised of elements distinct from "completed" obstruction under Title 18, United States Code, Section 1512(c)(2).

This issue has been previously addressed in this District. In the case of *United States v. Hale-Cusanelli*, No. 1:21-cr-00037 (TNM), 2022 WL 4300000, (D.D.C. Sept. 19, 2022), Judge McFadden directly addressed and rejected a defense claim that there is a requirement that the jury be unanimous as to whether the defendant completed the crime or attempted to complete it.

> [The defendant] now says that the Court should have instructed the jury that it be unanimous on whether he completed obstruction or attempted it. . . . The Court rejected this same request when evidence closed at trial. . . .
>
> The plain text of § 1512(c)(2) shows why that decision was correct. The statute penalizes anyone who "obstructs, influences, or impedes any official proceeding, or attempts to do so." 18 U.S.C. § 1512(c)(2) (emphasis added). So the actus reus of a § 1512(c)(2) violation is not just completed obstruction or influence, but also an attempt to do so. This statutory language matters. "[T]he jury need not agree as to mere means of satisfying the actus reus element of an offense[.]" *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality op.). Instead, the jury need only agree that a defendant "committed the offense as defined in the statute[.]" *United States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001). Here, the offense includes attempts, meaning that so long as all jurors agreed that Hale-Cusanelli had violated § 1512(c), they did not need to agree on whether he actually obstructed, influenced, or impeded the proceeding or merely tried to do so. Thus, the Court committed no error when it denied Hale-Cusanelli's request for a special unanimity instruction.

*United States v. Hale-Cusanelli*, No. 1:21-cr-00037 (TNM), 2022 WL 4300000, at *2 (D.D.C. Sept. 19, 2022). *See also United States v. Tuan Ngoc Luong*, 965 F.3d 973, 986 (9th Cir. 2020) ("jurors are not constitutionally required to unanimously agree on alternative theories of criminal liability"); *United States v. Creech*, 408 F.3d 264, 268-69 (5th Cir. 2005) (no plain error where district court did not sua sponte give instruction "requiring the jury to convict only upon agreeing on all elements of the offense under at least one theory of criminal responsibility");

*United States v. Gace*, No. 20-40718, 2021 WL 5579273 (5th Cir. Nov. 29, 2021) (no plain error where district court did not give special unanimity instruction for attempt versus completed crime); *United States v. Ramamoorthy*, 949 F.3d 955, 960-61 (6th Cir. 2020) (rejecting defendant's argument "that the jury instructions and verdict form perpetuated the indictment's duplicity, thus permitting the jury to convict without agreeing on whether his crime was attempted or completed sexual abuse" and finding "no error, plain or otherwise, in the jury instructions or verdict form"); *United States v. Gonzalez-Torres*, 309 F.3d 594, 600-01 (9th Cir. 2002) ("We must, however, determine whether the district court committed error by failing to give a specific unanimity instruction for the smuggling counts. Torres asserts there is a possibility that some jurors found he merely attempted to bring aliens to the United States, while others found he completed the crime. . . . The district court did not err in failing to, sua sponte, give a specific unanimity instruction, because the verdict indicates there was no confusion or prejudice.")

**B.  The Sentencing Guidelines Calculations Do Not Require a Specific Jury Finding**

The Defendant has raised the argument that special unanimity jury findings on attempt and the completed crime would allow this Court to make a determination at the time of sentencing on the applicability of a potential three level adjustment, presumably under §2X1.1, for an attempted, rather than completed, offense. However, the Defendant can point to no authority to support this request, and nothing in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny suggest such a result. Further, as a practical matter the Sentencing Guidelines require the Court to make multiple determinations on Guideline calculations in any sentencing hearing, and asking the jury to make a specific finding on a single potential sentencing factor would be arbitrary and unnecessary.

3

Even more concerning, the U.S. Sentencing Guidelines definition of when the three-level adjustment in §2X1.1 should apply does not comport generally with the legal definition of attempt. It sets forth the application of the three-level reduction as follows:

> (1)      If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

Federal Sentencing Guidelines Manual § 2X1.1 (2016).

Requiring the jurors in this case to apply the Sentencing Guidelines definition what constitutes an attempt, and not the legal definition, would lead to confusion, and not substantially assist the Court in its determination of an appropriate sentence, should the Defendant be convicted.

Given the arguments above, the Government opposes the jury being required to complete a special verdict form on unanimity as requested by the Defendant

.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Brian Morgan*
BRIAN MORGAN
Trial Attorney
Bar No. NY 4276804
601 D Street, N.W.
Washington, D.C. 20001
(202) 305-3717
Brian.Morgan@usdoj.gov

*/s/ Joseph S.Smith, Jr.*
JOSEPH S. SMITH, JR.
Assistant United States Attorney
Bar No. CA 200108
601 D Street, N.W.
Washington, D.C. 20001
(619)546-8299
Joseph.s.smith@usdoj.gov