UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-383 (BAH) |
| | : | |
| PATRICK ALONZO STEDMAN | : | |

**DEFENDANT'S RESPONSE TO COURT ORDER REGARDING REQUEST TO SUBMIT A SEPARATE INTERROGATORY ON VERDICT FORM FOR ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING**

Patrick Alonzo Stedman, by and through his attorney, Rocco C. Cipparone, Jr., Esquire, hereby submits the following in support of the request to include a separate interrogatory on the jury verdict form. The defense has proposed a question on the verdict form pertaining to "attempt" in relation to the charge of violation of 18 U.S.C § 1512(c), Count 1.

## ARGUMENT

1. **THE INCLUSION OF A SEPARATE INTERROGATORY ON THE VERDICT FORM REGARDING ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING IS NECESSARY TO PROPERLY ASSESS A POTENTIAL 3-LEVEL DECREASE IN OFFENSE LEVEL IF THERE IS A CONVICTION**

The proposed special interrogatories regarding Count 1 are required because U.S.S.G. § 2X1.1 applies to provide a potential three-level decrease in the guideline offense level if a defendant is convicted of attempt. The section states, pertaining to specific offense characteristics, that "[i]f an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense…" U.S.S.G. § 2X1.1(b)(1). The resulting offense level – and therefore the advisory guideline range – can be substantially lower if the defendant is convicted of attempt as opposed to the completed offense. Without the proposed special interrogatories, the Court will not be able to assess on

which theory – completion or attempt -- which Mr. Stedman was convicted (if he is convicted) regarding Count 1.

The Government opposes the special verdict sheet interrogatories, arguing that the jury would be required to apply a sentencing guidelines definition of attempt and not the legal definition.  This Court will be instructing the jury on the law as it pertains to the crimes charged, including attempt as statutorily defined, and there will be no confusion. The inclusion of this interrogatory is not "arbitrary and unnecessary" as opined by the Government. It is a precise question which potentially changes the offense level.

2. **SPECIAL INTERROGATORIES AND SPECIFIC UNANIMITY INSTRUCTION REGARDING WHETHER THE JURY FINDS THAT DEFENDANT COMPLETED ACTUAL OBSTRUCTION, ATTEMPTED OBSTRUCTION OR BOTH SHOULD BE GIVEN IN THIS CASE BECAUSE ATTEMPT AND THE SUBSTANTIVE OFFENSE ARE SEPARATE CRIMES AND/OR HAVE DISTINCT ELEMENTS**

Defendant Stedman asserts that because "attempt" is a separate crime and has different elements than the underlying charge, is based on a distinct theory of liability, and it is being instructed on, the verdict sheet should require the jury to specify which theory or theories the jurors agreed upon in finding guilt, to ensure that Mr. Stedman is afforded his right to a unanimous verdict. Defendant argues that attempt is a separate crime, and should not be compared to "aiding and abetting" as the Government argues in its brief.

The Government has cited no controlling caselaw from the United States Supreme Court or the D.C. Circuit Court regarding its opposition to this instruction as it pertains to "attempt" to obstruct an official proceeding. Rather, it cites *Richardson v. United States*, 526 U.S. 813, 817 (1999) which held that jury in a 21 U.S.C. § 848 case (regarding a continuing criminal enterprise charge, which included 3 federal narcotic offenses) must unanimously agree not only that the defendant committed some "continuing series of violations," but also about which specific

"violations" make up that "continuing series," overturning the district court's denial of the charge.  *Richardson* supports defendant's position in that the "continuing series" acts are different means or ways of committing the CCE (same) offense, just like attempt is a different way of violating 18 U.S.C. § 1512(c).

Further, *Schad v. Arizona*, 510 U.S. 624, 639, 643-45 (1991), also relied upon by the government,  is not applicable as the decision involved jury unanimity regarding premeditated murder and felony murder as part of a first-degree murder conviction, not obstruction of a criminal proceeding and attempt.

The decision in *United States v. Hale-Cusanelli*, No. 1:21-cr-00037 (TNM), (D.D.C. Sept. 19, 2022) to which the Government cites, is not binding on this Court of course. Therefore, the defendant urges this Court to give the proposed instruction as to unanimity pertaining to the obstruction of a criminal proceeding charge, and to include the special interrogatories proposed.

**WHEREFORE**, the defense respectfully requests that the proposed separate interrogatory regarding attempt to obstruct an official proceeding be included on the jury verdict form, and appropriate unanimity instruction be given.

Respectfully submitted,

/s/ Rocco C. Cipparone, Jr.

Rocco C. Cipparone, Jr., Esquire
Attorney for Defendant

DATED:  6/5/23