LAW OFFICES
OF
# ROCCO C. CIPPARONE, JR.

| ROCCO C. CIPPARONE, JR.◻◊† | ◻ | **CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY** |
|---|---|---|
| | ◊ | **ADMITTED TO PRACTICE IN NJ, PA & FEDERAL COURTS IN NJ, PA & MICH.** |
| | † | **FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS** |

September 5, 2023

Honorable Beryl A. Howell
333 Constitution Avenue N.W.
Washington D.C. 20001

**By ECF**

        RE:    USA v. Patrick Stedman
                   Docket No. 21-383-001 (BAH)
                   **Defendant Stedman's Supplement Sentencing Memorandum**

Dear Judge Howell:

Please accept this letter submission as a supplemental sentencing memorandum regarding Mr. Stedman's eligibility for a two-level reduction to the offense level determined under Chapters Two and Three of the guidelines, pursuant to the adopted amendment (effective November 1, 2023, and recently voted to be retroactive) to U.S.S.G. §4C1.1(a). Mr. Stedman satisfies all criteria for the application of the two-level reduction. The criterial are:

**(1) the defendant did not receive any criminal history points from Chapter Four, Part A**

Mr. Stedman has no prior criminal history, and therefore received no criminal history points. PSR ¶ 46.

**PLEASE REPLY TO NJ OFFICE**

157 BRIDGETON PIKE SUITE 200–320                                                                             806 REED STREET
MULLICA HILL, NJ 08062                                                                                                    PHILA., PA 19147

BY APPOINTMENT ONLY
PHONE: (856) 547- 2100
FAX: (856) 547-2225

*WWW.CIPPARONELAW.COM*

(**2**) **the defendant did not receive an adjustment under §3A1.4** (Terrorism)

Mr. Stedman did not receive an adjustment under §3A1.4 (Terrorism). PSR ¶¶ 34-43.[1]

**(3) the defendant did not use violence or credible threats of violence in connection with the offense**

Mr. Stedman did not use violence or credible threats of violence. As delineated in the Defendant's Sentencing Memorandum Docket Entry 81 at 5-8, Mr. Stedman did not use or encourage the use by others of any weapon or object to harm others. Mr. Stedman did not personally cause any property damage. Mr. Stedman wore no protective gear and importantly possessed no weapons, pepper spray, restraints, or other dangerous objects or make-shift dangerous objects. Mr. Stedman did not push, shove or have inappropriate physical contact with anyone -- including any law enforcement -- within or about the Capitol Building or grounds on January 6, 2021. Also, Mr. Stedman attempted to and did dissuade another individual from continuing to harass a Capitol Police Officer in a hallway, as he testified at trial and as is corroborated by the video surveillance. GT Exh. 315.

Although Mr. Stedman at one brief point yelled "break it down" behind a crowd near the House Chambers doors, any property damage had already been done by the time Mr. Stedman did so. The government acknowledged that such was the situation regarding the Chamber doors: "Stedman yelled 'Let us in!' and 'Break it down!' outside the main door to the House Chamber,

---

[1] Mr. Stedman has objected in his original sentencing memorandum (Docket Entry 81) to other aspects of the Final PSR sentencing guideline calculations in those paragraphs.

**PLEASE REPLY TO NJ OFFICE**

157 BRIDGETON PIKE SUITE 200–320   806 REED STREET
MULLICA HILL, NJ 08062   PHILA., PA 19147

BY APPOINTMENT ONLY
PHONE: (856) 547- 2100
FAX: (856) 547-2225

WWW.CIPPARONELAW.COM

as other rioters banged on the door, **the window of which had already been broken**." GT Sentencing Memorandum ("SM") at 2 (bold added).

Additionally, when Mr. Stedman yelled "you're going to shoot your own people, you fucking scum!" and "you killed one of us? You're done!", those statements were not a reference to or threats of physical harm. As Mr. Stedman testified, he intended those as a reference to job loss and prosecution for the behavior regarding the shooting of the person now known to be Ashli Babbitt. Those words are not threats of physical violence either in their plain language or in Mr. Stedman's intent.

**(4) the offense did not result in death or serious bodily injury**

Mr. Stedman's conduct did not result in death or serious bodily injury. See #3 above also.

**(5) the instant offense of conviction is not a sex offense**

Mr. Stedman's offense of course was not a sex offense.

**(6) the defendant did not personally cause substantial financial hardship**

Mr. Stedman did not personally cause substantial financial hardship. Mr. Stedman has accepted that his share of restitution is $2,000 (PSR ¶ 121), but his conduct did not involve him personally causing physical damage (he entered through the open door of the Capitol Building well after any damage had been done and he did not counsel it. *See* Defense Sentencing Memorandum Docket Entry 81 at 6). See also # 3 above.

PLEASE REPLY TO NJ OFFICE

157 BRIDGETON PIKE SUITE 200–320                                    806 REED STREET
MULLICA HILL, NJ 08062                                              PHILA., PA 19147

BY APPOINTMENT ONLY
PHONE: (856) 547- 2100
FAX: (856) 547-2225

*WWW.CIPPARONELAW.COM*

**(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense**

Mr. Stedman did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. See also #3 above.

**(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights)**

Mr. Stedman's offense of conviction is not covered by §2H1.1

**(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense)**

Mr. Stedman did not receive an adjustment under §3A1.1 or §3A1.5.

**(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848**

Mr. Stedman did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848.

## CONCLUSION

Considering the foregoing, and the retroactivity of the amendment, the Court (by means of a variance or otherwise) should further reduce the sentencing guideline range determined applicable to Mr. Stedman by an additional two (2) offense levels.

Respectfully submitted,
*LAW OFFICES OF ROCCO C. CIPPARONE, JR.*

BY: _____
ROCCO C. CIPPARONE, JR., ESQUIRE

**PLEASE REPLY TO NJ OFFICE**

157 BRIDGETON PIKE SUITE 200–320         806 REED STREET
MULLICA HILL, NJ 08062                    PHILA., PA 19147

BY APPOINTMENT ONLY
PHONE: (856) 547- 2100
FAX: (856) 547-2225

*WWW.CIPPARONELAW.COM*