**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-cr-383 (BAH)** |
| **PATRICK ALONZO STEDMAN,** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE REGARDING**
**APPLICATION OF U.S.S.G. §4C1.1**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's supplemental sentencing memorandum, ECF 82, and details its position regarding the applicability of the April 27, 2023 proposed amendment to U.S. Sentencing Guidelines §4C1.1 (Adjustment for Certain Zero-Point Offenders). For the reasons set forth herein, §4C1.1 does not apply to Patrick Stedman's sentence, and the Court should not otherwise vary downwards in consideration of §4C1.1.

## I.    Retroactivity and §4C1.1

The new § 4C1.1 proposed by the Sentencing Commission, as well as any retroactive application of § 4C1.1 resulting from an amendment to U.S.S.G. § 1B1.10, will not take effect unless and until Congress adopts these provisions, without further modification, on November 1, 2023. Accordingly, proposed § 4C1.1 does not apply to Patrick Stedman's sentence. For example, in *United States v. Griffith*, 21-cr-244 (CKK), Judge Kollar-Kotelly recently rejected the application of § 4C1.1 on the grounds that this section has not yet been formally adopted; *see also, inter alia, United States v. Sheppard*, (21-cr-203-JDB) (declining to apply § 4C1.1).

1

This approach is consistent with the U.S. Code and case law. *See* 28 U.S.C. § 994(p); *Stinson v. United States*, 508 U.S. 36, 41 (1993) ("Amendments to the Guidelines must be submitted to Congress for a 6-month period of review, during which Congress can modify or disapprove them."). Absent Congressional action, the amended Guideline will not take effect until November 1, 2023. Moreover, courts are required to apply the version of the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); Sentencing Guidelines § 1B1.11(a). Finally, the Commission has the authority to decide whether a new Amendment applies retroactively. 28 U.S.C. § 994(o). As the Commission has acted to apply this retroactively on or after February 1, 2023, the defendant will thus have an opportunity to seek a sentence reduction under 18 U.S.C. § 3582(c)(2), after February 1, 2023.

## II.     Application of § 4C1.1 in this Case

While the Court may vary downward by two levels for defendants who the Court determines would otherwise be subject to § 4C1.1, the Court should neither apply § 4C1.1 nor vary downward in this case.

§ 4C1.1 does not apply to a defendant who used violence or credible threats of violence in connection with their offense. In this case, Stedman used credible threats of violence as part of his efforts to disrupt Congress's certification of the 2020 presidential election results. On the eve of the January 6 attack, after organizing others to join him in D.C., Stedman tweeted, "This is the Second American Revolution. I love you all for being here with me. NOW WE FIGHT!" (Government Trial Exhibit ("Ex.") 601.) The next day, he and two associates "stormed" the Capitol building as part of the "first wave" that "broke down the doors." (Statement of Stedman, Ex. 992.) While a mob of rioters chanted and pounded on the door of the House Chamber, breaking the glass,

and Congress members sheltered inside, protected by police officers with guns drawn, Stedman joined the mob, shouting "Let us in!" and "Break it down!" (Video, Ex. 976.) These words were a credible threat of violence to the police protecting the door and members of Congress inside, as were Stedman's words minutes later after he learned that another rioter had been fatally shot while attempting to enter the Chamber. Stedman yelled at the police, "You're going to shoot your own people, you fucking scum!" and "You killed one of us? You're done!" (Video, Gov. Ex. 997). This threat, too, makes § 4C1.1 inapplicable in this case.

The government is aware of at least two cases in which courts have rejected the application of § 4C1.1 to January 6 defendants who engaged in violence, *United States v. Gundersen*, 21-cr-137 (RC) and *United States v. Baquero*, 21-cr-702 (JEB).

Moreover, the Sentencing Commission enacted § 4C1.1 based on recidivism data for offenders released in 2010. *See* U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010. Given the unprecedented nature of the Capitol attack, there is no reason to believe this historical data is predictive of recidivism for defendants who engaged in acts of political extremism on January 6. This is particularly so given the degree to which individuals, including defendants who have been sentenced, continue to propagate the same visceral sentiments which motivated the attack.

Due to the unique nature of the January 6 mob, the harms caused by the January 6 riot, and the significant need to deter future mob violence, the government submits that even if the Court finds that § 4C1.1 applies, the Court should nevertheless vary upwards by two levels to counter any reduction in offense level. Such treatment would recognize the unique nature of the criminal

events of January 6, 2021, coupled with the overwhelming need to ensure future deterrence, despite

a person's limited criminal history.

Finally, to avoid unnecessary litigation, the government requests that the Court make clear

at sentencing that it would have imposed the same sentence regardless of whether § 4C1.1 applies.

To the extent the Court does apply § 4C1.1, we also request that this Court foreclose any additional

retroactive reductions after November 1, 2023 pursuant to this guideline.

## I.  CONCLUSION

For the reasons set forth above, the government recommends that the Court not apply

§4C1.1 to Patrick Stedman's sentence or otherwise vary downward in consideration of §4C1.1.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


BY:    Brian Morgan
       Joseph Smith
       Assistant United States Attorneys