UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 21-CR-383 (BAH) |
| v. | : | |
| | : | |
| PATRICK STEDMAN | : | |
| | : | |

**DEFENDANT STEDMAN'S REPLY TO RESPONSE TO THE GOVERNMENT'S REPLY (ECF 98) TO MR. STEDMAN'S MOTION FOR RELEASE PENDING APPEAL (ECF 97)**

On the Reply:

ROCCO C. CIPPARONE, JR., ESQUIRE
Law Offices of Rocco C. Cipparone, Jr.
157 Bridgeton Pike Suite 200-320
Mullica Hill, NJ 08062
(856) 547-2100
Fax: (856) 547-2225
www.CipparoneLaw.com
*Counsel for Patrick Stedman*

The memorandum is in response to the government's reply (ECF 98) to Mr. Stedman's motion for release pending appeal (ECF 97). Only certain aspects will be responded to herein, as the primary arguments as to how and why Mr. Stedman has satisfied his burden regarding release pending appeal appears in our original filing. Of its nature, therefore, this reply will be staccato in nature.

The government in its submission spends almost its first three (3) pages, and again at page 5 in terms of Mr. Stedman's Twitter presence as of the time of sentencing, rehashing facts which already were known to the Court at the time it continued Mr. Stedman's release first pending his sentencing (over the government's position for remand of Mr. Stedman to custody), and then pending his self-surrender (with no objection by the government). Those facts did not then and should not now change the Court's assessment that Mr. Stedman is not an ongoing risk of flight or danger to the community. Indeed, his history on release up through his voluntary surrender establishes that Mr. Stedman did and will comply with conditions of release. He has had no infractions while incarcerated.

At pages 3-4 of its submission, the government at least tacitly suggests that this Court cannot decide the pending appellate issues. That is not what Mr. Stedman is asking the Court to do. Mr. Stedman, as is the standard, is asking the Court to find that in light of the *Fischer* holding -- that to be convicted of violating § 1512(c)(2) a person must impair (or attempt to do so) the availability or integrity for use in an official proceeding of records, documents, objects, or other things -- Mr. Stedman has established a likelihood of success on appeal. The government completely avoids addressing the undeniable fact that the jury was not instructed as to the above-referenced requirement and therefore could not have made that finding, and that the record is devoid of any such conduct by Mr. Stedman. Those indisputable facts alone demonstrate a

1

likelihood of success on appeal as to Mr. Stedman's Count 1 conviction.

The government contends at page 5 of its submission that the current political climate is a changed circumstance making him a current danger to the community. That is not a "changed circumstance", let alone one that vitiates the established good behavior post-arrest as referenced above and in our original submission, that establishes Mr. Stedman would not violate the terms of release. He does not intend to and will not violate the Court's release order, and he has demonstrated that he can and will abide by the Court's terms. The government also at pages 5-6 of its submission references an article on Mr. Stedman's blog. As the government acknowledges, the blog article does not advocate violence. Publishing an article while incarcerated or not is a free speech exercise, but Mr. Stedman had and has no intention to incite anyone to violence.

The government contends at page 6 that Mr. Stedman has not demonstrated that if successful his appeal would result in a shorter sentence, citing (page 6 n.3) that Mr. Stedman has not challenged his conviction or sentences on Counts 2-5. If the felony Count 1 conviction goes away, then the remaining sentences stand and Mr. Stedman would be released from incarceration as set forth in the defense opening motion. Mr. Stedman has neither challenged his convictions nor his sentences imposed by the Court regarding Counts 2 through 5, and the government did not cross-appeal either (the time for which long has passed). Inconsistently later at page 7 the government argues that a resentencing could occur regarding Counts 2 though 5, despite that there is no appeal of those sentences or convictions that would warrant resentencing and notwithstanding is footnote 3 emphasis on the finality of those convictions and sentences because they have not been appealed.  There would be no basis to resentence Mr. Stedman regarding Counts 2-5 based on the posture of the appellate issues.

The government also challenges the presumed July 2024 release date regarding his

sentence on Counts 2-5 under the First Step Act, notwithstanding Exhibit 1 to Mr. Stedman's opening motion (and without challenge thereto) that indeed Mr. Stedman has earned those credits and would be released. In support of its position, the government cites only a "minute entry" in another matter. In practical terms though, the government knows and cannot contest that the net effect of a denial of this motion, presuming the likelihood of success on appeal regarding Count 1, would be that Mr. Stedman will (and has) spent more time in jail than he would evaluating his sentences on Counts 2-5 without reference to that on Count 1. That result would be inequitable even assuming *arguendo* the government's legal argument is correct.

It is disingenuous for the government at page 8 of its brief to argue that "[t]here is no reason to doubt that the court of appeal will be able to promptly resolve Stedman's appeal." The government has moved the D.C. Circuit for a 30-day extension of time even just to articulate a position of the impact of *Fischer* on Mr. Stedman's appeal: "the United States of America, moves to continue the abeyance of this appeal for an additional 30 days, to August 28, 2024"[1]. Thereafter a further briefing schedule would need to be established as the government has not even yet submitted its reply brief to Mr. Stedman's opening brief on appeal. There is no rational support for the fallacy -- in which the government asks this Court to engage -- that by the October 2024 one-year mark of Mr. Stedman's surrender to serve his sentence, the appeal will be decided and a fictitious resentencing (despite that the Counts 2-5 convictions and sentences were not appealed) would occur. The government once again demonstrates a callous approach to holding someone in jail beyond their realistic release date as above, and when it states at page 9 of its brief that "if the appeals court has not ruled by then [the full one-year date from when he

---

[1] See D.C. Circuit Document #2066737 filed July 26, 2024 in appeal *USA v. Stedman,* Docket 23-3163.

surrendered], Stedman would be free to refile his motion for release." Delaying a motion until after that one-year mark passes without appellate resolution would ensure that Mr. Stedman would remain in jail longer than even the statutory maximum sentences that were imposed on Counts 2-5.

    For the foregoing reasons and those set forth in Mr. Stedman's opening submission, Mr. Stedman's motion should be granted.

                              Respectfully submitted,

                              Law Offices of Rocco C. Cipparone, Jr.

BY:    */s/Rocco C. Cipparone Jr.*
          Rocco C. Cipparone, Jr., Esquire
          Attorney for defendant Patrick Stedman

Date: August 7, 2024

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 7, 2024, I caused a copy of the within document to be served on all parties listed on the Electronic Case Filing (ECF) System, by means of filing those documents on the ECF system.

                                                /s/Rocco C. Cipparone Jr.
                                                Rocco C. Cipparone, Jr., Esquire

Dated: August 7, 2024